IN THE MATTER OF THE PETITION OF JOHN WATTS.

REVISED STATUTES OF 1865 ALL RE-ENACTED ON SAME DAY.—The revised statutes of 1865 were all re-enacted on the same day, and therefore those parts relating to the same subject are to be construed together, and so as not to be repugnant to each other.

AFFIDAVIT REQUIRED ON APPEAL FROM PROBATE COURT.—On an appeal from the probate court, as well as in case of an appeal from the district court, the appellant must file during the term at which the decree appealed from was rendered, an affidavit showing that the appeal is not taken for vexation or delay, etc., and the denial of an appeal will not be remedied on certiorari where the petition does not show that such an affidavit was filed.

REMOVAL OF ADMINISTRATOR NOT REMEDIED ON CERTIORARI, WHEN.—Certiorari will not issue to the probate court to set aside the removal of an administrator and the appointment of an administrator *de bonis non* where the petition for the writ does not show that such court has acted unlawfully or injuriously to the rights of others.

APPEAL from the district court of Santa Fe county. The opinion states the case.

*S. B. Elkins*, for the appellant.

By Court, JOHNSON, J.:

The petitioner, on the fourth day of May, 1870, took out letters of administration on the estate of John T. Russell, deceased, in the county of Santa Fe, and at the May term, 1871, of the probate court in and for said county, was removed from said administration by order of said court. During the months of May and July of the last-mentioned year, petitioner, by petition and supplemental petition, applied to the judge of the district court for the first judicial district for writs of certiorari and error to said probate court, for the alleged reason that said court had refused to grant him an appeal from its judgment and order revoking his letters of administration. The judge of the district court for said district denied the prayer of said petition and supplemental petition; and thereupon petitioner appeals to this court.

The Revised Statutes declared by the act of the legislative

assembly, approved January 24, 1865, are to be considered as all re-enacted on that day, and all parts of them touching the same subject-matter are to be construed in such manner that the one part be not repugnant to the other. This is substantially the rule of interpretation that has governed this court when construing these statutes. The Revised Statutes, sec. 4, p. 122, provide that appeals from the judgment of the probate court shall be allowed to the district court in the same manner and subject to the same restriction as in case of appeals from the district to the supreme court. How are appeals to be taken from the district court to the supreme court? On page 106, section 3, we find that "no such appeal shall be allowed, unless, first, the appeal be taken at the same term at which the judgment or decision appealed from was rendered; and, second, unless the appellant or his agent shall, during the same term, file in the court his affidavit, stating that such appeal is not taken for the purpose of vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment or decision of the court."

The provisions of section 5, page 184, do not dispense with the requirement of this affidavit in appealing from a judgment or decision of the probate court to the district court. In his original petition, the petitioner did not show that the required affidavit had been filed in the probate court during the same term at which the judgment was rendered, and his supplemental petition admits this fact, and undertakes to excuse his not having filed the affidavit. Ordinarily, the failure to show that all the legal steps had been taken to have the appeal allowed would be sufficient ground of denial of the writ of certiorari.

A portion of the exclusive original jurisdiction given to the probate courts by section 3, page 122, Revised Statutes, is the granting of letters testamentary and of administration and the repealing of the same. The petitioner did not show to the judge of the court below that in exercising this jurisdiction, the probate court had acted unlawfully, or injuriously to the rights of others, either in the removal of himself from the administration of the estate, or in the appoint-

ment of another administrator *de bonis non;* but, after avowing in his supplemental petition that personally he has no wish to continue as such administrator, shows that his desire for the appeal was, in his own language, to wipe out the stain attempted to be fastened upon him of having in any manner neglected or mismanaged the interests of said estate.     However commendable it may be in a person to seek to vindicate himself, a writ of certiorari, *supersedeas,* or error, could not be made effectual touching the irrelevant matters shown in the petition; and it is not proposed to discuss them in this opinion.

Upon full consideration of all the material allegations of the petitions and the supplemental petition, it is the undivided opinion of this court that the judge of the court below did not err in denying to interfere with the proceedings of the probate court in the premises.